# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alteric Hunt, | C/A No. 6:17-2305-MGL-KFM |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| R. Miller, South Carolina Department of Corrections, | |
| Defendants. | |

On August 28, 2017, the plaintiff, proceeding *pro se*, filed this action alleging civil rights violations pursuant to 42 U.S.C. § 1983 (doc. 1). On September 5, 2017, the plaintiff was ordered to bring this case into proper form, in part, by providing service documents for the defendants (doc. 7). The plaintiff responded by providing a completed summons for R. Miller and two Forms USM-285 for R. Miller; he failed to provide any service documents for the South Carolina Department of Corrections ("SCDC") (doc. 9). The plaintiff was given another opportunity to provide the service documents for SCDC and was specifically told that if he failed to provide the requested information that the court would "assume [the plaintiff does] not intend to name [SCDC] as a defendant" (doc. 11 at 3). The plaintiff was further warned that failure to comply with the court's order could result in a recommendation of dismissal (*id*.).

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action against SCDC. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)).

In *Davis v. Williams,* the Fourth Circuit Court of Appeals, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

Because the plaintiff is proceeding *pro se*, he is personally responsible for his failure to provide the service documents for SCDC. The plaintiff has had nearly two months to comply with this court's order, but has failed to do so. Because the plaintiff has already ignored this court's orders and deadlines, sanctions less drastic than dismissal of SCDC would not be effective.

Wherefore, based upon the foregoing, the court recommends the case be DISMISSED with respect to SCDC pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald  
United States Magistrate Judge

November 3, 2017  
Greenville, South Carolina

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).